UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| KEVIN DEVAULT MYLES, | ) | NO. CV-04-5069-JLQ |
| Plaintiff, | ) | |
| vs. | ) | ORDER OF DISMISSAL WITHOUT PREJUDICE AND CLOSING FILE |
| MICHAEL FOLTZ, | ) | |
| Defendant. | ) | |
| _____ | ) | |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (Ct. Rec. 26) and a document styled "Plaintiff's response to Defendant's Motion for Summary Judgment and Plaintiff's Motion to Dismiss without Prejudice" (Ct. Rec. 37). **Kevin Myles** is appearing *pro se* in this matter. **Kathryn Keaton** represents the Defendant.

## DISCUSSION

Defendant raised, as an affirmative defense, in his motion for summary judgment that Plaintiff had not properly exhausted the administrative remedies available to him in the prison grievance system as required by the Prison Litigation Reform Act ("PLRA"). Title 42 U.S.C. § 1997e(a) states that:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff now concedes in his response and Motion to Dismiss that he "has not completed the grievance process, nor utilized and exhausted any other form of administrative remedy". (Ct. Rec. 37). Generally, exhaustion under the PLRA is an affirmative defense that must be raised and established by the Defendant. See *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). In an effort to establish his defense,

1  Defendant submitted the deposition testimony of Plaintiff acknowledging that he did not
2  file an administrative appeal of his grievance and a declaration from the grievance
3  coordinator attesting that Plaintiff did not appeal.  However, such evidence is now
4  superfluous in the wake of Plaintiff's concession.  See *Wyatt v. Terhune*, 315 F.3d 1108,
5  1120 (9th Cir. 2003)("A prisoner's concession to non-exhaustion is a valid ground for
6  dismissal").

7    The parties are in agreement that Plaintiff's claim is unexhausted.  The exhaustion
8  requirement is mandatory. *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002)(citing
9  *Booth v. Churner*, 532 U.S. 731 (2001)).  The proper remedy for failure to exhaust is
10 dismissal without prejudice. *Wyatt*, 315 F.3d at 1120.  Accordingly,

11 **IT IS HEREBY ORDERED:**

12     1. Plaintiff's First Amended Complaint (Ct. Rec. 7) and the claims therein are
13 dismissed without prejudice.

14     2. The Clerk shall enter Judgment of dismissal without prejudice and close the file.

15     3. The court has little doubt that the time for pursuing an administrative appeal in
16 the prison grievance system has long passed and any appeal at this juncture would be
17 untimely.  In that regard, both parties should consider *Ngo v. Woodford*, 403 F.3d 620
18 (9th Cir. 2005).

19 **IT IS SO ORDERED.**  The Clerk is hereby directed to enter this Order and Judgment,
20 furnish copies to counsel and Plaintiff, and close the file.

21     **DATED** this 6th day of June, 2005.

23                       s/ Justin L. Quackenbush

24                       JUSTIN L. QUACKENBUSH
25                  SENIOR UNITED STATES DISTRICT JUDGE